ORSON CAREY AND ANOTHER v. JOHN T. TINSLEY AND
ANOTHER.

Money received by the agent of an attorney, under an authority to receive and
deliver the same to the attorney, in payment of a judgment controlled by
him, and of which he held, besides, an assignment from the plaintiff
therein, is not subject to levy in the hands of such agent, to satisfy an execu-
tion against the plaintiff in the judgment, on which the money was collected.
The possession of the agent, is the possession of the principal.

Where a deputy sheriff, who has in his hands an execution against two defend-
ants, receives money from one of them, pointed out by him for levy, as the
property of his co-defendant, and delivers the same, with the execution, to
the sheriff, before the return thereof, and the sheriff finds that the money
was not subject to levy, he may decline to levy upon it, and make his return,
without crediting the execution with such amount.

Where the defendant in an execution points out property of his co-defendant,
to satisfy the execution, and the sheriff refuses to levy, because the property
designated is not subject to such levy; if the sheriff determine rightly, the
plaintiff in the execution is not bound to move against the sheriff, for such
failure, in order to have determined the liability of the property to such levy.
He may proceed, regardless thereof, to enforce his judgment.

APPEAL from Gonzales. Tried below before the Hon. Field-
ing Jones.

Petition for injunction, by appellees, John T. Tinsley and
Hugh W. Branch, against the appellants, Orson Carey and
William H. Reese, filed January 30th, 1858, alleging that, on
the 30th day of October, 1855, in the District Court of Gon-
zales county, a judgment was rendered in favor of said Carey
and Reese, against John W. Pennell and Evan Lovett, for the
sum of $595 76, and costs; that Pennell filed his petition
for writ of error; and that petitioners, Tinsley and Branch,
were securities on the bond for writ of error. That on the 22d
day of November, 1856, the Supreme Court affirmed the judgment
against the plaintiff in error, and said petitioners, as securities.
That after the return of the mandate of the Supreme Court, and
the issuance of various executions on said judgment, on the 9th
day of January, 1857, an execution was issued on the same,

directed to the sheriff of Gonzales county, for the amount thereof, and for costs and damages, against said Pennell and Lovett, and the petitioners; which execution was placed in the hands of Hugh Lewis, the deputy sheriff, on the day of its issuance; A. D. Harris being then the sheriff of said county.

That on or about the 19th day of January, 1857, the sheriff, by his said deputy, levied this execution on $635 in specie, the property of Evan Lovett, and took possession thereof, by virtue of said execution and levy. That on the day last aforesaid, the sheriff, by his said deputy, returned the execution, making thereon this endorsement:

"This execution is returned by order of the plaintiff's attor-"ney, January 19th, 1857.

"A. D. HARRIS, Sh'ff G. C.

"per H. LEWIS, Dep'y Sh'ff."

And with said return, made the following endorsement on the said execution:

"Received on the within $179 01, of John W. Pennell, by "the hand of J. T. Tinsley, Jan. 19th, 1857.

"A. D. HARRIS, Sheriff,

"per H. LEWIS, Dep'ty Sh'ff."

The petition for injunction further alleged, that said deputy received from said Tinsley, two hundred and twenty-five dollars, which was to have been credited on the execution; and for which he took from said deputy a receipt. The receipt was described in the petition as follows:

"Received January 20th, 1857, of John W. Pennell, by the "hand of J. T. Tinsley, the sum of two hundred and twenty-five "dollars, on execution styled Carey, Reese & Co. v. John W. "Pennell, et al.

"A. D. HARRIS, Sh'ff G. C.

"per H. LEWIS, Dep'y Sh'ff."

That no other credit was endorsed on said execution, than that of $179 01 aforesaid; that Lovett and Pennell were insolvent; and that on the 29th day of October, 1857, an alias pluries execution issued, on said judgment, against said Lovett and Pennell, and petitioners, in favor of the plaintiffs therein, for the full amount, less the credit endorsed thereon as aforesaid, notwithstanding said levy and payments, fully satisfying the execution and judgment.

That said deputy sheriff took said $635 from the possession of Tinsley; that it should have been applied to the full satisfaction of the execution, and was, *ipso facto*, a discharge of the execution and judgment; and that the return by the sheriff, of said execution, not satisfied, by order of plaintiff's attorney, Horatio S. Parker, and the direction, by said attorney, to return the same not satisfied, were in violation of petitioner's rights. Prayer for injunction against the execution aforesaid, in the hands of the sheriff, and against all further proceedings under said judgment; also, for process, and general relief.

Fiat granted January 26th, 1858.

The answer of defendants denied that the money paid by Tinsley to Lewis, was the property of Lovett, or subject to attachment or levy for the debts of Lovett; and alleged that said money was collected by, and in the hands of Tinsley, on a judgment in favor of said Lovett or Pennell, which judgment had been assigned to H. S. Parker, by a transfer upon the execution docket, on or about the 12th day of July, 1857; that Tinsley knew that the money, when collected, was payable to Parker, and that he promised to pay the same to him, on or about the first of January, 1857; that the money, so paid to Lewis, was to be first applied to the payment of said case of Lovett or Pennell et al., (assigned as aforesaid to Parker,) and the balance on the said execution in favor of Carey, Reese & Co., (plaintiffs in the execution, sought to be enjoined;) and that the sheriff made the calculation, and after satisfying said judgment, applied the balance to Carey, Reese & Co., amounting to $179 01; that if Lewis gave a receipt for

more, it was by mistake, and not correct; that the executions were sent to Bastrop county, for the benefit of and at the urgent request of Tinsley and Branch, and the defendants were assured that, by so doing, the money would be collected on the same. (This part of the answer referred to the execution on the judgment assigned to Parker, which the facts showed was a judgment in favor of Lovett against J. W. Pennell and J. T. Tinsley, and from which a part or all of the $635 was raised.)

The answer admitted the truth of the allegations made in the petition, in reference to the statements of judgments, and the issuance of executions.

Jury waived, and case submitted to the court. Executions, referred to in petition, issued on the judgment in favor of Carey, Reese & Co., introduced in evidence ; and the endorsements, on that issued January 9th, 1857, showed a credit endorsed by the sheriff of $179 01, as set out in the petition, and an order, dated January 19th, 1857, signed by H. S. Parker, attorney for plaintiffs, and directed to the sheriff of Gonzales county, in whose hands the execution then was, to return the execution *not satisfied ;* and of the same date was endorsed as follows on the execution : " This execution is returned by order of the plaintiff's attorney." Signed by the sheriff. The other execution, which was enjoined, had endorsed on it, the above named credit, and no other ; it was issued for the sum of $595 76, with interest thereon.

It was proven by Lewis, deputy sheriff, that Tinsley, one of the defendants in the execution, about the 19th day of January, 1857, handed him something over $600, and more than sufficient to satisfy the execution ; that it was money received from the sheriff of Bastrop county, collected in the case of Lovett v. Pennell, Tinsley et al. That Tinsley ordered him to levy on the same, in the case of Carey, Reese & Co. v. Lovett, Tinsley, Branch and Pennell ; which execution he stated he then held in his possession ; that he took the money, and passed it over to the sheriff, Harris, together with the execution.

It was proven that Tinsley received money from the sheriff of Bastrop county, in the month of January, 1857. The amount

was more than sufficient to satisfy the execution in favor of Lovett. Witness, Bouldin, who was present when he received the money, stated that it was his understanding, that the judgment in favor of Lovett was first to be settled, and the balance to be applied by him, (Tinsley) to the benefit of Carey, Reese & Co., on an execution in their favor against Pennell, Lovett and himself. Said witness heard a conversation between H. S. Parker, attorney for Lovett, and Tinsley, in reference to the getting for, or paying to Parker, the money due on the judgment in favor of Lovett: this conversation was some time in December, 1856, and Tinsley was to have one month within which to get the money. Tinsley promised to pay the same to Parker within the month. Parker then informed Tinsley, that the money due on that judgment was coming to him, and Tinsley promised to pay it over to him. Afterwards, Tinsley referred, in conversation with witness, to the fact, that he was a witness to his promise to pay the money received, to Parker, and that he intended to do so. Bouldin also stated, that he learned from the conversation between Parker and Tinsley, that the former was acting as Lovett's attorney; and was also to receive the said money, in his own right, because he had himself advanced the money to Lovett.

The execution in favor of Lovett, against Pennell and Tinsley, was issued to Bastrop county, on the 10th day of November, 1856, for the sum of $1,230 51, with interest from May 2d, 1855, and credited by $791 92, paid 5th April, 1856. Endorsed "satisfied, the 16th day of January, 1857, and amount paid over to order."

The transfer of the judgment, on which the last named execution issued, from Lovett to Parker, was proven, dated January 12th, 1857. It was also proven, that the $600 was paid over to Harris, the sheriff, and by him paid to H. S. Parker.

Judgment of the District Court for the plaintiffs. Injunction perpetuated as to Tinsley and Branch, and not as to Pennell and Lovett.

*H. S. Parker*, for appellants.

*Stewart*, for appellees.

ROBERTS, J. The appellees seek to enjoin the judgment of appellants, upon the ground, not that Tinsley, being one of the defendants therein, had paid the money to the sheriff, but that he, being in possession of the money, delivered it to the deputy sheriff, and directed him to levy upon it as the money of Lovett, who was also a defendant, and one of his principals, in the judgment.

The question is, did Tinsley have possession of the money in such way as to make it liable to a levy in his hands?

The evidence shows that he received the money for Parker, and that he was Parker's agent, and not Lovett's agent, to receive the money from the sheriff of Bastrop county, who had collected it on the judgment in the case of Lovett v. Pennell and Tinsley. Parker was Lovett's attorney in controlling this judgment, and also had an assignment, in his own favor, of the money to be collected on the judgment; and Tinsley had been authorized by him to receive this money from the sheriff of Bastrop county, and he (Tinsley) had been apprised of Parker's claim, and promised to pay it over to Parker. Tinsley being defendant in both judgments, it was to his interest that this money, after satisfying one (that of Lovett v. Pennell and Tinsley) should be applied to the payment of the other, in which he was surety, (Carey, Reese & Co. v. Lovett, Pennell, Tinsley, and Branch.)

His possession of the money was that of Parker, being merely his agent, to receive and bring to him the money collected on the Lovett judgment, from the sheriff of Bastrop county. The money being delivered over by the deputy to the sheriff, together with the execution, he had a right not to levy upon it, if he found it was not subject to levy, under the circumstances under which it came into the hands of his deputy. And as he did not endorse a levy upon the execution, we must presume that he

Carey v. Tinsley.

did determine not to treat it as money levied on by him, but to deliver it over to Parker, as the person entitled to its possession. If he determined right in that matter, Carey, Reese & Co. were not bound to move against him, for not levying on the money thus placed in his hands, for levy, as the property of Lovett.

There is no evidence that Tinsley, acting for Parker, in receiving and conveying this money, had his permission to deliver it to the sheriff as Lovett's money, to be levied on; but, on the contrary, Tinsley had promised to deliver it to Parker, and had been apprised that Parker claimed it as his own, for advances made to Lovett. The sheriff, then, upon ascertaining, as we may presume he did, from the evidence before us, that Tinsley had no such authority from Parker, and that Parker was entitled to the possession of the money, as assignee of Lovett, took the responsibility to deliver it to Parker, and to decline levying upon it, as property of Lovett, subject to levy.

From the evidence before us, we are of opinion he did right.

There is nothing in the case to impeach the transfer of the claim from Lovett to Parker.

There is a receipt of the deputy sheriff, for two hundred and twenty five dollars, claimed as a credit on the judgment in favor of Carey, Reese & Co., which is alleged by them to have been given by mistake. There is no certain evidence, whether this should be credited on the judgment or not; and therefore there are no certain *data* upon which to render a judgment.

The judgment will be reversed, and the cause remanded for further proceedings.

Reversed and remanded.