## J. T. TINSLEY AND ANOTHER V. CAREY, REESE & CO.

It is not error to refuse instructions which have no relevancy to the issues made up by the pleadings.

It is not the particular form of expression by which a question is introduced, as "did or did not," which necessarily determines whether the question is leading or not; but whether it is so framed as to suggest to the witness the answer desired.

If the question does suggest the answer desired, and relates to a matter affecting the substance of the issue, and not merely designed to lead the mind of the witness to the subject matter of inquiry, it cannot be put by a party to his own witness, except under particular circumstances appealing to the discretion of the court.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

The facts of this case will be found very fully stated in the report of the former appeal, 22 Texas Reports, 383. When the case was remanded upon that appeal, the plaintiffs, Tinsley and Branch, amended their petition, and charged that the transfer made to Parker by Lovett of his judgment against Pennell and Tinsley was in fraud of Lovett's creditors. It was also in evidence at this trial that the sheriff, Harris, after examining that transfer and satisfying himself of the facts in other respects, declined to levy the execution of Carey, Reese & Co. upon it; and that the sheriff applied to the execution of Lovett v. Pennell and Tinsley as much of the money as was necessary to satisfy it, and the remainder, being the $179, credited on the Carey, Reese & Co. execution, was applied thereto by the sheriff.

The 3d interrogatory propounded by the defendants to their witness, Bouldin, referred to in the opinion, was as follows: "Did or did not said Tinsley get said money on or about the 1st of January, 1857, from the sheriff of Bastrop county. If yea, what judgment was he first to settle, and how apply the balance of said money; was or was not said Tinsley to satisfy a judgment or execution in favor of one E. Lovett, and then apply the money left to an execution in favor of said plaintiff, Carey, Reese & Co. v. Pennell and Lovett and himself." The answer to this inter-

rogatory was—"I think said money was got about the last of January, 1857. My understanding was that the judgment in favor of Lovett was first to be settled, and the balance to be applied to the benefit of Carey, Reese & Co."

At the Spring Term, 1859, there was verdict for the defendants, and judgment accordingly. A motion for a new trial was made and overruled, and the plaintiffs appealed.

*Stewart,* for appellants.

*J. F. Miller,* for appellees.

WHEELER, C. J. The principal questions arising upon the merits of this case were decided on a former appeal. (Carey v. Tinsley, 22 Tex., 383.)

After the case was remanded, the plaintiffs amended their petition, alleging that the assignment by Lovett of his judgment against Pennell was in fraud of the creditors of the former. This question was submitted by the court to the jury, and decided by them adversely to the plaintiff. It is now insisted that the assignment was a contrivance to prevent the sureties of Lovett from receiving the benefit of that judgment in satisfaction of the judgment of Carey, Reese & Co., against Lovett and his sureties, and to enforce payment of the latter judgment out of the sureties, Lovett being insolvent, and so was a fraud upon the sureties, the plaintiffs in this case. But this was not the ground of assault made upon the assignment by the plaintiffs' pleading.

It was not averred that the assignment was in fraud of the plaintiffs or sureties of Lovett, nor was the court asked to instruct the jury directly upon that aspect of the case. The charge of the court submitted the question made by the pleadings; and under the pleadings there was no error in refusing the instructions asked by the plaintiffs. The question was one which it was peculiarly the province of the jury to decide. If the assignment was made *bona fide* in discharge of a pre-existing debt, and not with a view to prevent the plaintiffs from obtaining the benefit of the proceeds of the judgment in satisfaction of the judgment in which they were

sureties—if it was not made in fraud of the plaintiffs as the sureties of Lovett in that judgment—it is not perceived that it would have the effect to release them from liability on the judgment.

The plaintiffs objected to the reading of the deposition of the witness, Bouldin, upon the ground that the questions propounded the witness were leading. The court very properly excluded the answer to the 6th interrogatory, but overruled the objection as to the others. A part of the 3d and 5th questions propounded to the witness were obnoxious to the same objection. The admission of the answer to the 5th is not material, as it simply states that the question had been answered. But the answer to the latter part of the 3d is material, and in the very terms suggested by the interrogatory. We think it was error to admit it. It is not the particular form of expression, as "did or did not," by which a question is introduced, which necessarily determines whether the question is leading, but whether it is so framed as to suggest to the witness the answer desired. If it is, and is touching a matter affecting the substance of the issue, and not merely designed to lead the mind of the witness to the material subject matter on which he is to speak, it is a leading question. Such a question, unless under particular circumstances which appeal to the discretion of the court, and which do not appear in this case, a party is not at liberty to put to his own witness. Such was the question put to the witness in this case.

Because the court erred in overruling the objection to the answer of the witness, the judgment is reversed and the cause remanded.

Reversed and remanded.