THE STATE v. JOHN H. WARREN.

Where the indictment charged the defendant with leaving the State to elude the provisions of the Act of 1840, to suppress dueling, but stated no venue, it was held, in the absence of any express statutory provision upon the subject, other than that which requires all offences to be prosecuted in the county where committed, that the indictment was bad.

*Quere?* Whether an indictment can be sustained under the Act of 1840, for leaving the State to engage in a duel, for want of a statutory provision as to the county where the prosecution must be commenced.

Appeal from Smith. The appellee was indicted for a violation of the Act of Jan. 28th, 1840, (Hart. Dig. Art. 870, *et seq.*) entitled " An Act to suppress dueling," in four counts, to this effect :

1st count (under Section 2nd of said Act) for that "in the "said county of Smith, the said J. H. W. did consent to be- "come a second to one W. H. P. to fight a duel," &c.

2nd. Under the same Section, in same county, that he did "encourage the said W. H. P. to fight a duel," &c.

3rd and 4th counts, under Section 4th of the Act, for "leaving the State, for the purpose of eluding the provisions of said Act," specifying in each all the necessary particulars, but without laying a venue in either.

The District Attorney, finding that the two first counts could not be sustained by proof, discontinued as to them. The other two were quashed, from which judgment the State appealed.

*Attorney General*, for appellant. These counts, I am well satisfied, though drawn in conformity to the Act, cannot be sustained, nor could any count have been drawn for leaving the State, &c., under the law as it now stands, that could have been sustained, for want of a proper provision in regard to a venue. It will not be denied that a venue must be laid in every indictment, for it is essential to the jurisdiction of the Court; but this is often a mere technical requisition, and is certainly under the control of the Legislature. Therefore, in England, for the offence of "leaving the kingdom to engage in the service of a foreign Prince," a venue is specially provided by the Act creating the offence. In Mississippi, for "leaving the State to elude the provisions" of the anti-dueling Act, it is provided by that Act, that any person offending against its provisions may be prosecuted in the Circuit or Criminal Court of any county in the State. (2 Arch. Crim. Pl. 236, 10.) In Maine, for the same offence, the offender may be indicted, &c., in any county in the State. (Id. 236, 11, 12.) And so in every country or State, where an offence of this structure has been created, it will be found that a special venue has been provided, except in Texas, and I apprehend it must be done here, if it be intended that the substantial provisions of this Act shall be enforced.

*Bowden & Chilton,* for appellee. As every offence in this State must be prosecuted in the county where it is committed, the quashal was clearly right. (Hart. Dig. Art. 667.)

The Common Law also required the venue to be laid in the county where the offence was committed. (1 Chitt. Criminal Law, 177 ; State v. Farrier, 1 Hawks. 487 ; 2 Arch. Cr. Pl. 235–6, 15 ; Story's Comp. Laws, Sec. 619 to 624.)

WHEELER, J. Unquestionably, by the Common Law, the rule was inflexible, that every offence must be charged with a venue ; that is, the neighborhood, place or county in which the fact happened ; and this must always be within the jurisdiction of the Court. The venue was regarded as matter of substance, and therefore, at Common Law, when the offence was committed in one county, and consummated in another, the venue could be laid in neither, and the offender went altogether unpunished. The great inconvenience arising from this rule of the Common Law, has been remedied by Statute in England, and probably in most of the States. (1 Chitt. Crim. Law, 177–8, n. ; 4 Bl. Com. 303.) In this State, we have no Statute applicable to this offence, which changes or remedies the Common Law rule ; but it is affirmed by Statute as the general rule, that criminal prosecutions shall always be in the county where the crime or offence was committed. (Hart. Dig. Art. 667.) It is clear, therefore, that the present indictment is bad for the want of a venue. And, as suggested by the Attorney General, it is at least very questionable, whether further legislation, analogous to that of those States to whose legislation reference is made, will not become necessary to enable the State to maintain prosecutions, for the offence charged in those counts in the indictment, which were quashed by the Court, and which, only, are before us upon this appeal. The judgment is affirmed.

Judgment affirmed.