### R. G. GOLDEN AND ANOTHER v. THE STATE.

1—In all cases of misdemeanor wherein the defendant appeals from a judgment of conviction, he must either enter into a recognizance to appear before the District Court from term to term, to abide the decision of the Supreme Court, or he must pay the fine or go to jail.

2—No judgment in cases of misdemeanor can be taken to the Supreme Court by writ of error. An appeal is the only mode by which such cases can be brought up.

3—If a defendant, convicted of a misdemeanor, fails to enter into a recognizance before the District Court, after notice of appeal, and fails to pay the fine, that court commits him to the sheriff, who is authorized to take from him a bail bond in the place of the recognizance, to appear before the District Court from term to term, to abide the decision of the Supreme Court.

4—After conviction of a misdemeanor and notice of appeal therefrom, the defendants filed a petition for a writ of error, and executed to the sheriff a bail bond conditioned in substantial conformity with the statutory requirements respecting appeal bonds. *Held*, that the petition for a writ of error was nugatory; but as the bond was sufficient to support the appeal, this court would not dismiss the appeal on a motion based upon the irregularity of the proceedings.

5—The indictment commenced thus : "In the name and by the authority of the State of Texas, the grand jurors elected, tried, impanneled, sworn and charged to inquire in and for the body of the county of M, and State aforesaid, upon their oath present," etc. Exceptions were taken to the effect that it did not show that it was presented in the District Court of the county where the cause was tried, nor that the grand jurors were elected, etc., in that court, nor that it was the act of the grand jury. *Held*, citing Art. 2868, Paschal's Digest, that these are exceptions to the form of the indictment, and cannot be allowed ; they are presumed to be supplied by the minutes of the court, and need not appear in the indictment otherwise than as required in Art. 2863.

XXXII—46.

Appeal from Montgomery. Tried below before the Hon. N. Hart Davis.

There is no statement of facts in the transcript, but the 'opinion states all that are material to the rulings made.

*Jones & Peel*, for the appellants.—The court erred in overruling the motion in arrest of judgment.

1. " Because it does not appear from the indictment that the same was presented in the District Court of Montgomery county." (Paschal's Dig., Art. 2863, requisite 2d.) We hold that it must appear from the body of the indictment which court it was presented in, and therein affirmatively show that it has jurisdiction of the offense therein charged, and the reader ought not to be required to look at the back or file of the indictment to see into what court it was presented or belongs, the back being no part of the indictment.

2. "Because it does not appear from the indictment that the grand jurors were elected, tried, impanneled, sworn and charged in the District Court of Montgomery county, or at any term thereof." Thus the indictment does not show by what authority the grand jurors were clothed with the power to present bills of indictment; for their power *to do so* depends entirely upon the authority that elected, tried, impanneled, swore and charged them, and this certainly should be *affirmatively charged* in the indictment; for if it is taken for granted that they were elected, tried, etc., by *the proper authority*, then why not take it for granted that they were *in fact* elected, tried, etc., without so charging it in the indictment? Just take it for granted that it was *done*, and *done* by the proper authority, and it will do just as well.

But we hold the *reverse*, that they are both requisite charges, and are fatal on a motion in arrest of judgment.

3. " Because it does not appear from the indictment that the same was the act of the grand jury of Montgomery county." We take the position that it is more necessary for the indict-

ment to charge that the grand jurors are of Montgomery county, than in a civil suit to *charge* that the plaintiff is of Montgomery county. For, if the grand jury *is* of Montgomery county, the indictment certainly should charge that *fact;* but if the grand jury, in *fact,* was not of Montgomery county, it would certainly not be lawful for it to sit for Montgomery county.

Thus we construe the law, and can not conceive of any other construction to be placed upon it, and presume the Legislature so did when they passed the act of 15th of February, 1858. (Paschal's Digest, Art. 2863, requisite 3.)

*E. B. Turner,* Attorney General, for the State.

LINDSAY, J.—In all cases of misdemeanor, when the defendant appeals from a judgment of conviction, he must either enter into a recognizance to appear before the District Court from term to term, to abide the decision of the Supreme Court on the appeal, or pay the fine, or go to jail. No judgment, in a case of misdemeanor, is authorized to be brought to this court by a writ of error. Such a method is neither provided for in the constitution nor by statute. When the recognizance is entered into, it suspends all further action in the District Court until the appeal is disposed of in the Supreme Court. If the defendant fails to enter into a recognizance before the court, after notice of appeal, and fails to pay the fine, the order of the court commits him to its ministerial officer, the sheriff, who, at any time (see Art. 2747, Paschal's Digest,) is authorized to take from him a bail bond, in the place of the recognizance, to appear before the District Court, from term to term, to abide the decision of the Supreme Court. The bail bond in this case being taken by the sheriff, though seemingly in response to a petition for a writ of error, a proceeding not warranted by law, is yet a sufficient compliance with the requirements of the statutes upon appeals in a misdemeanor case, to entitle the defendants to be enlarged. The manner of doing what the

law required was irregular, but at last it has attained the substantial objects of the law, and the appeal should not, therefore, be dismissed for this mere irregularity, unless it operated to defeat some of the positive provisions of the statute. This it does not do.

This was an indictment against the appellants for the offense of adultery, one of the parties being married, and the other single. The indictment makes the proper allegations to let in proof to establish the commission of the offense. A statement of facts is not contained in the record, so that this court can not know whether there was such evidence adduced as ought to have convicted the parties. But from the reasons filed upon the motion in arrest of judgment in the District Court, it appears that exceptions were taken to the indictment, because, as it is affirmed, it does not appear from the indictment that it was presented in the District Court of the county where the cause was tried, nor that the grand jurors were elected, tried, impanneled, sworn, and charged in that court; nor that it was the act of the grand jury. These are exceptions to the form of the indictment, and may be disposed of with the remark, that it is presumed the District Courts all keep minutes of their proceedings, showing historically the progress of their business, which it is not necessary to incorporate in every procedure which may be taken during its term. The fact of the presentment of an indictment by a grand jury, in open court, is always entered upon the minutes of the proceedings of the court. Hence, in Art. 2868, Paschal's Digest, it is provided that "no objection shall be heard by motion, plea, exception, or in any other manner to an indictment, on the ground that the grand jury finding the same was not legally constituted." None of these things need absolutely to be set forth in the indictment in any other manner than as required in Art. 2863; that, in the name and by the authority of the State of Texas, the grand jurors who were impanneled to inquire for the body of the county in which the trial takes place, presented the parties by name, signed by the foreman, with having committed the

offense of adultery on a particular day, in the county in which they were impanneled and sworn to inquire, anterior to the presentment of the indictment.

The court can not well see how the indictment fails to comply with the required forms of the statute. And as to the exception to the substance of the indictment, that it " charges, no offense in plain and intelligible words," it would seem that there could be no misapprehension by any one of the import of the language, " R. Griffin Golden and Jemima Scott did, in said county and State aforesaid, on or about the 15th of February, 1868, commit adultery by living together, and cohabiting, or having carnal knowledge of each other, at divers times, at and before the time aforesaid, in said State and county—he, the said R. Griffin Golden, at the time of committing the adultery with the said Jemima Scott, being a married man, and his wife, ———, then living." It does seem to the court there can be little difficulty in understanding that language.

The judgment of the court below is affirmed.

Affirmed.