## THE STATE v. A. J. HILTON.

1. VENUE.—An indictment must appear by direct averment to have been presented by a grand jury of the proper county.
2. CRIMINAL PROCEDURE.—An indictment describing the grand jurors by which it is presented as "duly elected, impaneled, sworn, and charged to inquire into and true presentment make of all offenses committed in the county of ——, in said State, cognizable in the District Court held in and for the county of Titus and State aforesaid:" Held, defective on exceptions.
3. AMENDMENT OF INDICTMENTS.—Such defect could have been corrected by amendment.

APPEAL from Titus. Tried below before the Hon. James H. Rogers.

George Clark, Attorney General, for the State.

Turner & Turner, for appellee.

GOULD, ASSOCIATE JUSTICE.—In this case the State, by her District Attorney, appeals from the judgment of the court sustaining a motion to quash the indictment. We think the motion was correctly sustained, because it does not sufficiently appear that the indictment was the act of the grand jury of Titus county. The indictment reads as follows: " No. 954. The State of Texas v. A. J. Hilton.

In the name and by the authority of the State of Texas, the grand jurors of the State of Texas duly elected, impaneled, sworn, and charged to inquire into and true presentment make of all felonies and misdemeanors committed in the county of ——— in said State, cognizable in the District Court held in and for the county of Titus and State aforesaid." The omission of the name of the county in the indictment in describing the grand jury, and the venue of the offenses as to which they were to inquire, might have been supplied by amendment in the court below, and this objection to the indictment obviated. It was, however, a defect in form, taken advantage of at the right time and in the right way.

Even if, by resort to the other averments of the indictment, the conclusion that it was the act of the grand jurors of Titus county might have been arrived at, but not with the certainty attending a direct statement. We do not think the court below was required to resort to such construction to support the indictment, when its amendment was so easily brought about.

It may be added, and it illustrates the propriety of curing formal defects below, that the indictment was objected to on other grounds, which do not appear to have been well taken. It may be that the motion to quash was sustained on these grounds, and not because of the formal defect which is here noticed. However this may have been, as in our opinion this ground is sufficient, the judgment of the court is affirmed.

AFFIRMED.