## Robert Mathews v. The State.

1. Indictment.—An indictment which does not show on its face that it was found in the "District Court" of the proper county is defective. For the error in overruling exceptions taken to such defect the court will reverse on appeal.
2. Practice—Amendment.—It seems that such defect could be cured by amendment.
3. Practice—Witness.—Where objections are sustained to a question asked a witness, the bill of exceptions taken to the ruling should show the evidence proposed to be elicited, so that its materiality may be determined on appeal.
4. Horse—Gelding.—It not appearing that the use of the word "horse" by the witnesses was in its technical sense as used in the statute, and was used in describing the animal stolen, which was described in an indictment for theft as a gelding, there being no question made below as to the variation, the court declines to review on that ground.

Appeal from Harrison. Tried below before the Hon. M. D. Ector.

*George Clark, Attorney General,* for the State.

Roberts, Chief Justice.—The indictment in this case charges defendant with the theft of a gelding. It is difficult to imagine a plainer case than this seems to be, from the statement of facts contained in the transcript of the record. Still there are three distinct objections raised to the legality of the conviction, which require consideration. This is upon the principle that, however certainly a man may be guilty of an offense, he must not be punished for it until he is convicted according to the forms of law.

The defendant made a motion to set aside the indictment, "because the indictment does not show in what court the same was found."

This, it will be observed, was an exception to the form of the indictment filed by the defendant and overruled previous to the trial of the case, that being the proper time to make such an exception.

The indictment, so far as relates to this exception, reads as follows:

"THE STATE OF TEXAS, }
*County of Harrison,* }

" In the sixth judicial district, August Term, in the year of our Lord one thousand eight hundred and seventy-four :

" In the name and by the authority of the State of Texas the grand jurors for the State of Texas, duly elected, impaneled, sworn, and charged to inquire of all offenses against the laws indictable within the body of the county of Harrison, in the State of Texas, upon their oaths present that Richard Mathews," &c.

The words " District Court" are not contained in the indictment, which is the only court that has jurisdiction of the offense of theft as charged. Now, as the whole of this proceeding was had in the District Court of the county of Harrison, as fully appears from other parts of the transcript, and as that court as well as this can know, as matter of judicial cognizance, that that court had jurisdiction to hear and determine this case, it might be thought not to be essential for it to appear in the indictment itself that it was found and presented in a court having jurisdiction of the offense charged. But the Legislature of this State, in regulating the form and manner of proceeding in trying individuals for offenses with which they are charged, have thought proper to prescribe the requisites of an indictment, the second of which is, "It must appear therefrom that the same was presented in a court having jurisdiction of the offense set forth ; " that is, that the fact that it was presented in a court having jurisdiction of the offense must be made to appear from words used in the indictment itself, and not be left to be gathered by expressions in or inference from other parts of the records, or to be known *ex officio* by the courts of the State. (Paschal's Dig., art. 2863.)

In prescribing the exceptions allowed to be taken to the

form of an indictment in order to have it set aside by the court as defective, the first one is, "that the indictment does not appear to have been presented in the proper court, as required by article 395." (Paschal's Dig., art. 2955.)

Thus it appears that the indictment was defective in form in not containing such words as that it might " appear therefrom that the same was presented in a court having jurisdiction of the offense set forth ;" that the exception taken to it was allowed by law, and that it was taken in the proper manner and at the proper time. It was error in the court to overrule this exception thus presented, for which the judgment must be reversed. The court does not now perceive any good reason why this defect of form could not have been amended by motion of the district attorney. "When the exception to an indictment is merely on account of form, the same shall be amended, if decided to be defective, and the cause proceed upon such amended indictment." (Paschal's Dig., art. 2977.) This was done in the case of Bosshard *v.* The State, (25 Tex. Supp., 207–210,) which was sanctioned by this court. Therefore this case will be remanded for further proceedings in the court below.

In the case of Golden *v.* The State, 32 Tex., 737, this exception was taken in a motion in arrest of judgment, and it was decided not to be tenable. It is true the opinion in that case does not draw any distinction between the effect of making such an exception before and after the trial, still such distinction is plainly made in the Code of Criminal Procedure, as was shown in the case of John Terrell *v.* The State, decided at this term, wherein it was held that such an exception to the form of the indictment was not a good ground in a motion in arrest of judgment, it not having been made and ruled upon before the trial.

In reference to another trial it is thought proper to advert to two other points of objection made to the conviction.

The evidence against the defendant was that he was pursued and found in possession of "the horse" shortly after

the "horse" was missing by the owner. The defendant offered to prove what he said as to how he came in possession of the "horse" to a person on his way off with it before he was overtaken and arrested. The court sustained an objection to the question asked the witness tending to draw out this explanation given by defendant, to which he excepted, and which appears in a bill of exceptions. Without deciding now whether or not such an explanation then made was admissible, it will suffice to say that it would be difficult for this court to determine that the exclusion of his explanation was prejudicial to him in the effort to make his defense, when we are not informed by the bill of exceptions or otherwise what his explanation was that he was seeking to draw out. His counsel should have stated to the court what was expected to be proved by the witness, as it was not indicated in the question itself, and perhaps could not properly have been, and that should have been made to appear in the bill of exceptions, to have enabled this court to decide upon its relevancy and materiality. Without undertaking to decide beforehand as to the admissibility of such an explanation at such a time, it may be remarked that generally, unless clearly inadmissible, there is much less danger of committing an error or of doing injury in admitting than in rejecting it, as its weight when admitted must be determined by the jury, whose common sense about such matters will usually place a proper estimate upon it.

Another objection made for the first time in this court, and founded most probably upon the manner in which the statement of facts was drawn up, is an alleged discrepancy between the charge of having stolen a "gelding" and the proof of having stolen a "horse," both of those terms being used in the statute for the purpose of indicating different animals. That such was the intention was decided by this court in the case of Banks v. The State, 28 Tex., 644. It may be said that the witnesses in using the term "horse" had no reference to the technical sense in which it is used

in the statute, but in the sense in which it is used in ordinary conversation, and that from such expression so used the jury understood, and had a right to understand, the witnesses to mean by that term to describe such an animal as was described in the indictment, especially as there does not appear to have been any question raised about the description of the animal on the trial. It is unnecessary to decide definitely whether or not this discrepancy is a fatal variance in this case, as it is not likely to be left in doubt on another trial.

REVERSED AND REMANDED.

[NOTE.—This opinion was delivered November 4, 1874, and should have appeared in its place as of that term.]