## DICK LONG v. THE STATE.

1. INDICTMENT.—Exceptions to an indictment were duly taken in the court below because the word "court" was omitted in the clause purporting to show in what court the indictment was presented. *Held*, that although the omission was a mere defect of form, and might have been amended in the court below, yet it was error to overrule the exceptions.

2. CHARGE OF THE COURT.—The court below instructed the jury: "If you believe from the evidence the defendant confessed to Heaton he was guilty, you may find him guilty as charged." *Held*, that this, in the form thus given, was objectionable, as a charge on the weight of evidence.

3. SAME—DRIVING CATTLE FROM THEIR RANGE.—The court below charged the jury as follows: "The driving of stock from its accustomed range is a continuous act; and if the jury believe from the evidence that these cattle were driven by defendant's employés from F. county, and were received by him in R. county, and he continued to drive them, and knew at the time that they were not his cattle, they will find him guilty." *Held*, that this charge was erroneous, because it precluded the jury from considering any evidence tending to exculpate the accused.

4. EVIDENCE.—An unauthorized bill of sale, or an unrecorded brand, though inadmissible as proof of title, may be competent evidence to rebut a criminal intent.

APPEAL from the District Court of Falls.  Tried below before the Hon. X. B. SAUNDERS.

The opinion of the court and argument of counsel disclose the material facts.  The indictment is set out at length in the report of a former appeal, 43 Texas, 467.

*W. B. Forde*, for the appellant.

1st. The exception to the indictment should have been sustained.  The words, " in the district of Falls county," etc., in the body of the indictment, do not show a present-ment in a court having jurisdiction of the offense.  Pasc. Dig., Arts. 2863, 2955; *Bosshard* v. *The State*, 25 Texas (Supp.), 207; *James* v. *The State*, 44 Texas, 314; *Hanks* v. *The State*, decided at this term; and see, especially, *The State* v. *Hilton*, 41 Texas, 565.  The formal heading, " in the district court," etc., forms no part of the indict-ment.

2d. The plea of former conviction, under Article 2410, *c,* Paschal's Digest, should have been heard. " The conviction or acquittal of a minor offense is, generally, no bar to the greater. If, however, on the trial of the greater offense there can be a conviction of the less, then the former acquittal or conviction will bar the greater." *Thomas* v. *The State,* 40 Texas, 39. " When theft of cattle is charged, and the evidence is that the cattle were taken from their accustomed range, the Article (Art. 2410, *b,* Pasc. Dig.) inflicting a less punishment for theft should be given in charge by the court; and in most cases the succeeding Article (Art. 2410, *c,* Pasc. Dig.) should be given, said clause imposing a punishment for removing cattle from their range when there is no fraudulent intent." *Campbell* v. *The State,* 42 Texas, 591; *Counts* v. *The State,* 37 Texas, 593; *Deaton* v. *The State,* 44 Texas, 446.

3d. The defendant, at Snowhite's pen, in Calvert, accounted for his possession of the three beeves by stating from whom he had bought them and taken bills of sale. 41 Texas, 611. The names were not remembered by state's witness Victor Wyers. On the trial appellant proved his ownership of the J—B connected brand, and mark with crop off right ear and swallow fork in left, by bill of sale from J. A. Robertson. He offered to prove his ownership of the $\bar{3}$ and WW beeves by his bill of sale from Joseph Gill, agent of Lane & Pierce. In answer to exceptions by the state's attorney, sustained by the court, we refer to *Wills* v. *The State,* 40 Texas, 69; *Smith* v. *The State,* 41 Texas, 168; 41 Texas, 209; 41 Texas, 342.

4th. The charge of the court is erroneous, because incorrect in stating legal conclusions, because it is on the weight of evidence, and because the guilt or innocence of the accused is based upon issues not warranted by the law and the facts.

(1.) The 3d charge given by the court is simply this: If

the state has proved the brands and marks set out in the indictment to belong to parties alleged to be the owners, and that these beeves in such brands and marks were in the *possession* of the accused without the consent of *such* owners, then the burden is on appellant to account for such *possession*. This charge is not qualified by either of the others. It puts upon the accused the burden of a defense before the state proves a crime. Having in possession the property of another, without his consent, is not theft, or any other crime. This charge cannot be justified on the ground of recent possession of stolen property. *Thompson* v. *The State*, 43 Texas, 272; 2 Whart. 729; *Garcia* v. *The State*, 26 Texas, 209. This whole charge is on the weight of evidence. The *corpus delicti* is lost sight of. 1 Whart. 733, *et seq*. This charge *creates* the offense of having in *possession*; the offense set out in the indictment is the offense of driving.

(2.) The 4th charge of the court is erroneous in omitting the words, "knowing them not to be his;" and all after the word "unless" would drive a juror to distraction by forcing him to convict an innocent man. The accused was guilty, though not participating in the act; 1st, if the driving was for him; 2d, if under his general instructions to gather and drive his own cattle; or, 3d, if under his connivance. "Connivance" can only mean anything here in its figurative sense, and charges in figurative language are not allowable. The charge is, if appellant was not present when the offense of fraudulently driving from their accustomed range in Falls county was perpetrated by some guilty party, yet the guilt is transferred to him if the guilty party were his employés, or acting for him, or if he *connived* at the guilty act. There is no pretense that appellant's employés committed an offense. The idea, embraced in the charge as a fact proved, that an offense had been committed before appellant saw the herd, is unsupported by any

evidence, and must have misled the jury; but if the offense was committed before he joined the herd, his acquiescence, whether by word or act, in a past offense, committed by other parties, could not make him a principal criminal in the transaction. Acquiescence in the past offense of another is no crime.

(3.) The 6th charge is approached with delicacy, not because the least, but the most grossly erroneous—saying to the jury : " The accused has confessed his guilt to Heaton. I withdraw from your consideration every other question; on this confession you shall find him guilty." The charge was peremptory; the jury had no escape.

Outside of the credibility to be attached to Heaton's statement of appellant's declaration at Bremond, " Yes, I know I have taken your cattle, and am willing to pay you for them and get out of it ;" outside of its positive contradiction by the defendant's witness Brown, and incidentally by all the facts in the case, its unreasonableness, the surrounding circumstances of hope and fear which produced it, if uttered, the real meaning of the words, the explanatory and exculpatory evidence of S. G. Whitmore, Charles Long, and Snowhite, the court had no authority to allude to *any* words uttered by the accused as an unqualified confession of guilt, and instruct the jury to convict if they believed he uttered them. *Morrison* v. *The State*, 41 Texas, 520.

(4.) The 1st charge asked by the state's attorney, and given, numbered 7, cannot, on one side, be connected with the law and facts ; or, on the other, with common reason. The offense charged is driving from Falls county ; yet this charge is that, if the appellant drove in Robertson county, he is guilty. That " the driving of stock from its accustomed range is a continuous act," *if uninterruptedly continued by the same individual*, is a physical fact. But the range is laid in Falls, not Robertson, county. If the appellant received the stock in Robertson county, and drove—not

continued to drive—and at the time of driving knew they were not his, his fraudulent intent was born, and his fraudulent driving took place, in a venue not laid in the indictment. If the driving was innocent on the part of the employés, they being *sui generis*, no crime was committed in Falls county; if their driving was fraudulent, they committed the crime in Falls county, and by no false reasoning (and this charge is an argument) can the appellant be connected with the inception of a crime of which he knew nothing. One cannot be made principal offender through the crime of another, committed without his knowledge. No one can adopt the innocent act of another, and thereby make himself a felon; nor can he adopt, acquiesce in, or connive at, the guilty act of another, after it is committed, so as to make himself a principal. If this charge means anything, it is this: If Charles Long's driving was innocent, then, when appellant assumed the driving, his act was innocent, because it was a continuation of Charles' innocent driving; but if Charles' driving was fraudulent, then so was Dick's. So the appellant's guilt or innocence was derivative from his employé; and the charge produces this strange anomaly: that the appellant's guilt or innocence depends upon that of another, over whose act, at the time it was committed, he could exercise no control; who has never been indicted or informed against for crime, but who must be tried without the due course of law, without power in the court to inflict a penalty, without a case made, without issues, without a prosecution, without judgment, and without a sentence, in order that another may suffer the penalty of his supposed crime.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J. The appellant was tried and convicted in

the district court of Falls county for the theft of three
beef steers, alleged to belong to different persons set out in
the indictment, and his punishment affixed at two years'
confinement in the state penitentiary.  A motion for new
trial was made and overruled, and the accused has taken
this appeal.

Several grounds are set out in the motion for new trial;
quite a number of bills of exception are embodied in the
record, and twenty-one errors are assigned, upon which it
is sought to reverse the judgment rendered in the court
below.

It will not be necessary for this court, in the view we
have taken of the case as presented by the record, to discuss
all the numerous questions presented, but only those mat-
ters which enter into our opinion, and such as we deem
important with reference to another trial.

The first matter inviting attention is an objection raised
in the court below to the sufficiency of the indictment upon
which the accused was tried and convicted, which is pre-
sented as follows: " Now comes the defendant and moves
the court to annul and set aside the indictment in this cause,
because the indictment does not show that it was presented
in any court having jurisdiction of the offense."

The portion of the indictment to which the objection
applies is set out in the record as follows: " The state of
Texas, Falls county.  In the district court of Falls county,
March term, A. D. 1873.  In the name and by the author-
ity of the state of Texas, the grand jurors, good and lawful
men of the state of Texas and county of Falls, duly tried
on oath by the district judge touching their legal qualifica-
tions, duly elected, impaneled, sworn, and charged to
inquire into and true presentments make of all offenses
against the penal laws of said state, committed within the
county aforesaid, upon their oath, in the district of said

county, in open court, present that Dick Long, late of said county," etc.

The requisites of an indictment are set out in Article 395 of the Code of Criminal Procedure. Pasc. Dig., Art. 2863. The 2d subdivision of the Article lays down the rule by which the objection here raised must be tested, as follows:

"It must appear therefrom (from the indictment) that the same (the indictment) was presented in a court having jurisdiction of the offense set forth " (in the indictment). This is the evident meaning of the clause in the Code referred to. The exact language is as follows, to wit: " It must appear therefrom that the same was presented in a court having jurisdiction of the offense set forth."

The demand of the law is that the indictment must be complete in and of itself, bearing upon its face all the requisites named in the statute. The insertion of the word *court* between the words *in the district* and the words *of said county*, in that part of the sentence set out above which reads "in the district of said county," which refers to the court in which the indictment is by law required to be *presented*, would obviate the difficulty and render the sentence complete. Without it, it is defective and does not come up to the requirements of the law.

But our inquiries must not stop here. This is but a formal objection, and must be met by the party accused at the proper time; otherwise, his objection would not be heard. The mode by which the party can avail himself of a defect of form in an indictment is laid down in Article 482 of the Code of Criminal Procedure (Pasc. Dig., Art. 2949)— that is, by a motion to set aside the indictment.

The action taken by the defendant in order to test the sufficiency of the indictment seems to have been regular, and at the proper time, and in the manner indicated, and before the trial. The objection, or motion to quash the indictment, was overruled by the court, and the counsel for

the accused took a bill of exceptions to the ruling of the court, made it a ground in the motion for new trial, and has assigned it as error, thus following it up in such a manner as to require it to be reviewed by this court. This defect, going as it does only to the form of the indictment, and having been pointed out in time, could have been cured by an amendment in the court below. Pasc. Dig., Art. 2977. If the party had neglected to take the exception for insufficiency of form only, in the court below, he would not on such exception be heard in this court for the first time. *Rose* v. *The State*, decided by this court at the present term, *ante* p. 400.

Our supreme court, in the case of *Matthews* v. *The State*, 44 Texas, 376, had under consideration an objection to an indictment similar to the one before us here. In that case the able jurist and critical criminal pleader says : "The words ' district court' are not contained in the indictment, which is the only court that has jurisdiction of the offense of theft as charged. Now, as the whole of this proceeding was had in the district court of the county of Harrison, as fully appears from other parts of the transcript, and as that court as well as this can know, as matter of judicial cognizance, that that court had jurisdiction to hear and determine this case, it might be thought not to be essential for it to appear in the indictment itself that it was found and presented in a court having jurisdiction of the offense charged. But the legislature of this state, in regulating the form and manner of proceeding in trying indictments for offenses with which they are charged, have thought proper to prescribe the requisites of an indictment, the second of which is : ' It must appear, therefore, that the same was presented in a court having jurisdiction of the offense set forth'— that is, that the fact that it was presented in a court having jurisdiction of the offense must be made to appear

from words used in the indictment itself, and not be left. to be gathered by expressions in, or inference from, other parts of the record, or to be known *ex officio* by the courts. of the state." This interpretation of the statute in question must commend itself to every legal mind. This case of *Matthews* v. *The State* is so nearly like the one at bar that the reasoning of the court in the one applies with equal force to the other, and the decision of the one must be decisive of the other. [The case here referred to is also authority on the subject of amending an indictment; and see, also, *Bosshard* v. *The State*, 25 Texas (Supp.), 207.] We, therefore, hold that the court below erred in overruling the motion of the defendant to quash the indictment for the reason set out in his motion; and for this error the judgment must be reversed and the cause remanded.

Several of the charges given to the jury on the trial below have been objected to, and the objections taken by bill of exceptions. Among others is the following: " 6th. If you believe from the evidence the defendant confessed to Heaton he was guilty, you may find him guilty as charged in the indictment;" and, also, the following: "That the driving of stock from its accustomed range is a continuous act, and if the jury believe from the evidence that these cattle were driven by men in the employ of Dick Long from Falls county, and were received by him in Robertson county, and he continued to drive them, and knew at the time they were not his cattle, they will find him guilty."

The first of the above charges is subject to this criticism: that it is a charge on the weight of evidence. The rules for admitting evidence of confessions made by the party against whom they are expected to be used are to be found in Paschal's Digest, Articles 3126 and 3127, and in adjudicated cases arising under these statutes. It can hardly be doubted that this charge had some influence on the jury in

making up their minds as to the guilt or innocence of the accused. To our minds there was error in the charge in the form it was given.

The other charge alluded to is objectionable in this respect,. if in no other : that it requires the jury to convict on the bare fact of receiving the cattle in Robertson county, and knowing at the time they were not his, without permitting any inquiry into the motives with which the driving was. continued.

For anything contained in this charge, if the proof had shown that the accused was driving the cattle to the pen or pasture of the true owner, or by the direction of the owner,. or any other circumstance going to show an entire absence of guilty intention to deprive the owner of the animals or their value, and to convert them to the driver's own use ;. still, if the jury believed that he continued to drive them, no matter where, or for what purpose or intention, the jury were required to convict him on the only other fact—that he knew that they were not his. And it is questionable, to say the least, whether, under the charge, the evidence would have warranted a conviction of theft in Falls county on the rule of law that the original taking must have been felo-- nious to justify a conviction of theft. *Billard* v. *The State*, 30 Texas, 373.

This charge was clearly erroneous. We have deemed it. proper, in order to avoid similar errors on a subsequent trial, to point out some of the objections to which the charge of the court is obnoxious. For a like reason we refer to the error pointed out by the 9th bill of exceptions, which was error in refusing to allow as evidence the bill of sale from Jasper Gill, agent of Lane & Pierce, to defendant.

The objections were erroneously sustained. The rule of law is stated by our supreme court in *Wills* v. *The State*,. 40 Texas, 76, as follows :

" Whatever may be the correct interpretation of the:

:statute on the trial of the right of property in a civil suit, when a party is charged with theft he may give in evidence the facts and circumstances of his claim, or the authority under which the act was done, as showing his intention, for the consideration of the jury. And though it may not prove title or ownership, when the authority was given without right, and when the brand was not recorded according to statute, it may be material in rebutting the criminal intent.''

The record does not show what plea the accused was tried on.

The judgment of the district court of Falls county against the appellant is reversed and the cause remanded.

*Reversed and remanded.*