## W. W. COATES v. THE STATE.

1. INDICTMENT—PRACTICE.—Motion in arrest of judgment is not a timely or proper mode of objecting to an indictment that it fails to show in what court it was presented, or that the minutes of the court *a quo* nowhere disclose that the presentment of the indictment was entered, with the style of the action and the offense charged. Before plea of not guilty is the stage of the proceedings at which such objections are available.

2. EVIDENCE.—In a trial for rape, the prosecution asked the ravished female the following question: "Was it (the coition) done with or without your consent?" *Held*, that the question was not leading, and was proper and eminently pertinent.

APPEAL from the District Court of Lamar. Tried below before the Hon. R. R. GAINES.

The indictment was for rape upon a girl of but little over eleven years of age. The opinion discloses such facts as are material to the rulings.

*J. M. Long*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

WHITE, J. The two primary objections insisted upon in this case are, 1st, that the indictment does not show upon its face that it was presented in the district court, or in fact in what court, if any, it was presented; and, 2d, that the minutes of the court, as shown by the transcript, nowhere disclose the fact that the presentment of the indictment by the grand jury was entered upon the minutes of the proceedings of the court, with the style of the action and the offense charged, as is required by law. Pasc. Dig., Art. 2858.

In support of the 1st objection we are cited to the case of *Mathews* v. *The State*, 44 Texas, 376. The two cases are not analogous, because in the Mathews case the objection to the form of the indictment—because it did not show

in what court it was found—was made by exception and motion to set aside, previous to the trial of the case, that being the proper time to make such an exception; whereas in the present case the objection was first interposed in defendant's motion in arrest of judgment.

Our learned chief justice, in *Mathews* v. *The State*, says: "In the case of *Golden* v. *The State*, 32 Texas, 737, this exception was taken in a motion in arrest of judgment, and it was decided not to be tenable. It is true the opinion in that case does not draw any distinction between the effect of making such an exception before and after the trial; still, such distinction is plainly made in the Code of Criminal Procedure, as was shown in the case of *John Terrell* v. *The State*, decided at this term (Tyler term, 1874), wherein it was held that such an exception to the form of the indictment was not a good ground in a motion in arrest of judgment, it not having been made and ruled upon before the trial." 44 Texas, 378.

Upon the 2d objection, and in support thereof, we are cited to the case of *Hardy* v. *The State*, decided by this court at the Galveston term, 1877. 1 Texas Ct. of App. 556. A reference to the decision in the Hardy case will show also a want of analogy between that case and the one we are considering. The objection should have been made, as was done in the case of Hardy, on an exception before the plea of not guilty was entered. Not having been made at that time, it comes too late. See *B. A. Alderson* v. *The State*, decided at the present term of this court, *ante*, p. 10.

We find no error in the refusal of the court to give the 2d and 3d special instructions asked by defendant's counsel, because the statement of facts shows ample corroboration of the evidence of the principal witness (the injured female), and such instructions were not in conformity with the facts. As to the last special instruction asked by defendant's

counsel, and refused by the court, in so far as we have been able to understand it—it being inartistically drawn, and in a great measure unintelligible—we do not think the court erred. To have given the latter portion of that instruction would have been a charge upon the weight of evidence, which is expressly prohibited by our statute. Pasc. Dig., Art. 3059.

The charge of the court, as given to the jury, was a plain exposition of the law applicable to the facts, and was certainly very fair in so far as the rights of the defendant were concerned. The offenses of rape, and assault with intent to commit rape, were clearly defined and fully explained, and, in addition to the reasonable doubt, which was charged in regard to all the material questions involved, the jury were further instructed, at the instance of defendant, in the following terms: "The jury should have no belief as to the guilt or innocence of the defendant except what they derive from the evidence applied to the law of the case. You are not required to believe the defendant not guilty in order to acquit. You may acquit upon any reasonable doubt of his guilt, and you may acquit without actually believing him innocent, if the state has failed to satisfy you of his guilt beyond a reasonable doubt." This charge, asked by defendant, we are of opinion, went to the utmost extent to which any court has heretofore gone, so far as we are aware, in characterizing the degree, weight, and extent of testimony necessary to warrant a jury in returning a verdict of conviction against a party accused of crime. *Mundine* v. *The State*, 37 Texas, 353.

During the progress of the trial several bills of exceptions were taken by the counsel for defendant, which are here relied upon for a reversal of the case. The 1st bill was as to a question asked by the prosecuting attorney, and answer given by the principal witness for the prosecution.

The question and answer objected to were as follows : "Was it done with or without your consent?" To which question witness answered it was done without her consent.

We can see no good reason why the objection was made, because the party defendant was charged with rape, and the question was not only proper, but eminently pertinent, to the issue. If the objection was that the question was leading in its character, then we cannot concur in such conclusion. "A leading question is one which may be answered in the affirmative or negative, and suggests the desired answer in a matter material to the issue." *Able* v. *Sparks*, 6 Texas, 349. "That is a leading question which suggests to the witness the answer desired." *Trammell* v. *McDade*, 29 Texas, 360, citing *Tenny* v. *The State*, 8 Smed. & M., and 1 Greenl. on Ev., sec. 434. See, also, *Tinsley* v. *Carey*, 26 Texas, 352.

So far as the other bills of exception are concerned, we can see no reason why they were saved, since it appears that the objections insisted upon were promptly sustained by the court as soon as made.

The other ground of error complained of is the insufficiency of the evidence to support the verdict and judgment; and, in support of this objection, we are cited to the cases of *Topolanck* v. *The State*, 40 Texas, 160 ; *Pefferling* v. *The State*, 40 Texas, 486 ; and *Goss* v. *The State*, 40 Texas, 520.

The doctrine and rules laid down in these cases, and which are recognized by this court as being correct, do not, in our opinion, militate against the correctness of the verdict and judgment rendered in this case. The evidence of the prosecutrix was not only corroborated by the testimony of others, but by the admissions and confessions of the defendant, made before his arrest.

We are further of opinion that the court did not err in overruling defendant's motion for new trial. *Dignowitty* v.

*The State*, 17 Texas, 521; *Murry* v. *The State*, 1 Texas. Ct. of App. 174.

Perceiving no error in the proceedings on the trial in the lower court, the judgment is, therefore, affirmed.

*Affirmed.*