## GEORGE ROBINSON *v*. THE STATE.

1. EVIDENCE. — Declarations of a party are evidence in his own behalf only when they are part of the *res gestœ*.

2. BILL OF EXCEPTIONS. — The exclusion as evidence of declarations cannot be revised by this court when the bill of exceptions fails to embody them so as to enable this court to consider their relevancy and materiality.

APPEAL from the District Court of Shackleford. Tried below before the Hon. J. R. FLEMING.

The charge was theft of clothing.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. On the trial below the following bill of exceptions was saved, viz. :

" Be it remembered that upon the trial of this cause, upon the cross-examination of the state witness Morrison, the defendant's counsel offered to interrogate the witness as to the declarations of the defendant the day before he left the house of Rushing ; to which the state's counsel objected, which objection was sustained by the court ; to which ruling defendant's counsel excepted and tenders this his bill," etc.

The rule admitting the declarations of a party in his behalf as evidence is limited to such declarations as may be considered *res gestæ.* 1 Greenl. on Ev., sec. 108, and note 1 ; *Johnson* v. *The State,* 1 Texas Ct. App. 130 ; *Harman* v. *The State, ante,* p. 51, and *Hall Davis* v. *The State, ante,* p. 91.

But even supposing we might be inclined to hold that the declarations offered were *res gestæ,* we are not informed by the bill of exceptions, or otherwise, what the declarations were that the defendant was seeking to draw out. " His counsel should have stated to the court what was expected to be proved by the witness, and that should also have been made to appear by the bill of exceptions, to have enabled this court to decide upon its relevancy and materiality." *Mathews* v. *The State,* 44 Texas, 376 ; *Massey* v. *The State,* 1 Texas Ct. App. 564.

This is the only point in the case necessary to be discussed. To our minds the evidence of the guilt of appellant is conclusive, and we find no error committed upon the trial. The judgment is, therefore, affirmed.

*Affirmed.*