## LIGHT TOWNSEND *v.* THE STATE.

1. PRACTICE. — In the entry upon the minutes of the court of the presentment of the indictment, the offence of which the accused was charged was omitted. The court, at a subsequent term, upon the motion of the county attorney, permitted the record to be amended in this respect *nunc pro tunc.* *Held,* correct.

2. SAME. — Even an indictment or an information may be amended in matters of form.

3. CONTINUANCE. — Attachments for witnesses were sued out over two months before the application for a continuance; the return was "not executed," but was without date. *Held,* that diligence is not shown.

4. SAME. — The accused, under the impression that the principal witness for the State would not be present at that term of court to testify against him, announced ready for trial. There having been no fraud or deception practised upon the accused which could operate as a surprise, the appearance of the witness did not entitle him to a continuance.

APPEAL from the District Court of Lavaca. Tried below before the Hon. E. LEWIS.

The opinion discloses the case.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, J. Appellant and one Frank McMullen were jointly indicted for theft of a gelding. They severed, and on the trial of this case appellant was found guilty, and condemned by the verdict and judgment to seven years in the penitentiary.

The first error assigned is the overruling of defendant's motion to quash the indictment. This motion was based upon the ground that the entry of the fact of presentment of the indictment upon the minutes of the court was defective, in that it did not state the offence charged, viz., "theft of a gelding." Pasc. Dig., art. 2858; Gen. Laws Fifteenth Legislature, 8.

Upon motion of the county attorney, the court permitted the record to be amended in this regard *nunc pro tunc.* In this the court did not err, but followed the correct rule of practice in such cases. Even an indictment or information may be amended in matters of form, by express provision of our statute, which reads that "when the exception to an indictment or information is merely on account of form, the same shall be amended if decided to be defective, and the cause proceed upon such amended indictment or information." Pasc. Dig., art. 2977; 25 Texas Supp. 207; 44

Texas, 376. Much greater reason is seen why mere failures or omissions to make proper entries by the clerk could and should be corrected. As was said in *Hill's Case*, 4 Texas Ct. App. 559, " amendments of this character are permissible under the law, and have been recognized by this court if made at the proper time and in the proper manner, and it is not perceived why omissions of the kind here mentioned should not be supplied, or erroneous entries corrected, so as to conform the record to the facts as they really exist, so that the record shall speak the exact truth in every particular." See also *Vestal* v. *The State*, 3 Texas Ct. App. 648.

The second error complained of is the overruling of defendant's application for continuance. If otherwise good, the motion does not show proper diligence. Attachments for the witnesses were sued out on November 23, 1878, and returned by the sheriff of Goliad County not executed. When this return is dated is not set out. We have the right to presume that the sheriff did his duty and acted promptly. The application was made February 7, 1879, over two months after the attachments issued, and no additional steps were taken by defendant to procure the attendance of the witnesses.

So far as the other ground for continuance is concerned, it is not available for defendant. He claims that he had announced ready for trial the day before, when his co-defendant, McMullen, was tried, on the belief that the principal State's witness, George W. Smith, by whom alone want of consent to the taking of the animal could be proven, was absent and would not be in attendance upon the trial; that he was surprised at Smith's appearing and testifying against his co-defendant, McMullen. The affidavit of the county attorney, disclosing what transpired between himself and counsel for defendant with regard to the witness Smith, shows that defendant had no just grounds to rely upon the fact that Smith would not be present to testify. No decep-

tion or fraud was practised upon him ; but, on the contrary, he seems to have exercised his own unbiased judgment in the matter, and has no more right to claim that he was surprised than he had in the first instance to presume that Smith would absent himself.

Defendant's guilt is most clearly established by the evidence before us. Several parties saw him, at different times and places, with the gelding in his possession, recently after it was stolen. He went under an assumed name. When he ascertained that he was about to be arrested, at the time the animal was recovered for the owner, he escaped from a window of the house, and in his flight was shot at and wounded.

The law of the case was properly presented in the charge of the court, and no additional instructions were asked. There is no error in the judgment, and it is affirmed.

*Affirmed.*