### G. COLLINS AND WYATT JOHNSON *v.* THE STATE.

1. INDICTMENT — AMENDMENT. — If the defect in an indictment is a matter of form, it may be amended, and the trial proceeded with. Not so, however, if the defect is one of substance, such as the venue of the offence.

2. SAME — JURISDICTION — VENUE. — The indictment must show that the place where the offence was committed is within the jurisdiction of the court in which it is presented. If an indictment fails to lay the venue of the offence charged, it is a fatal defect, of which advantage may be taken by a motion to quash, or in arrest of judgment. See the opinion for an indictment held insufficient under these rules.

3. VERDICT. — A verdict finding the defendant "guilty of the theft of property of the value of twelve dollars," is not responsive to an indictment charging the theft of two hogs.

APPEAL from the District Court of Morris. Tried below before the Hon. B. T. ESTES.

The opinion discloses the case.

*J. L. Shepperd*, for the appellants.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.   We have a statute which provides that, "when the exception to an indictment is merely on account of form, the same shall be amended, if decided to be defective, and the cause proceed upon such amended indictment." Pasc. Dig., art. 2977; *Bosshard* v. *The State*, 25 Texas (Supp.), 207; *Mathews* v. *The State*, 44 Texas, 376; *Hauck* v. *The State*, 1 Texas Ct. App. 357; *Long* v. *The State*, 1 Texas Ct. App. 466.   But an indictment cannot be amended as to matter of substance.   *Calvin* v. *The State*, 25 Texas 794; *Sanders* v. *The State*, 26 Texas, 119; *Sharp* v. *The State*, *post*, p. 650; *Drummond* v. *The State*, 4 Texas Ct. App. 150; *Townsend* v. *The State*, 5 Texas Ct. App. 574.

An indictment must show "that the place where the offence was committed is within the jurisdiction of the court in which the indictment is presented." Pasc. Dig., art. 2863, subdiv. 5.   And the omission of an indictment to lay a venue to the offence charged is a fatal defect, which may be taken advantage of by motion to quash, or in arrest.   *Searcy* v. *The State*, 4 Texas, 450; *The State* v. *Warren*, 14 Texas, 406.

Now, the indictment in the case before us reads, after the ordinary formal beginning, thus: " The grand jurors for the State of Texas, and County of Morris, duly empanelled, sworn, and charged in the District Court of Morris County, at the March term thereof, A. D. one thousand eight hundred and seventy-seven, to inquire, in and for the body of the county of *six*, of all offences indictable within the body of said county, upon their oaths present that Granderson Collins and Wyatt Johnson, late of said county, on the 31st day of October, A. D. one thousand eight hundred and seventy-six, and in said county, did then and

there," etc. The county of Morris is not mentioned in any of the subsequent portions of the indictment.

A motion to quash was made, upon the ground that the venue of the offence was not laid in the indictment. Upon application of the prosecuting officer, the court overruled the motion to quash, and permitted the indictment to be amended by striking out the word " *six*," as it appears in the indictment, and inserting " Morris," the name of the county. This was error. Without that amendment it is clear that the venue was not laid; and the amendment being essential to the validity of the substance, and directly affecting it, and not merely to the form of the indictment, it was beyond the province of the court to permit it.

This disposes of the case. But we take occasion to call attention to the verdict, with reference to the charge in the indictment. Offence set out in the indictment was theft of two hogs. The verdict is in these words : "We, the jury, empanelled and sworn to try the cause now pending between the State of Texas as plaintiff, and *Grand* Collins and Wyatt Johnson as defendants, find the defendants guilty *of theft of property of the sum of twelve dollars*, for which assess a penalty of two years' imprisonment in the State penitentiary." The italics are ours. Now, it is true that " hogs " are " property," and that where they are the subject of theft, and " the value of the property is under twenty dollars, he [the thief] shall be punished by imprisonment in the penitentiary for not less than one nor more than two years." Gen. Laws 1873, p. 80. Given its plain import and meaning, the verdict does not find the defendants guilty of theft of hogs, or guilty as charged in the indictment, but of " theft of property under the value of twenty dollars," which is a specific offence, the punishment of which, at the time alleged in the indictment, was confinement in the penitentiary not exceeding one year, and by fine not exceeding $100. Pasc. Dig., art. 2395. Under the act of 1876, which went into effect after the alleged

commission of the offence, the punishment has been changed to "imprisonment in the county jail for a term not exceeding one year, during which the prisoner may be put to hard work, and by fine not exceeding five hundred dollars, or by such imprisonment without fine." Acts 1876, p. 242.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*