

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,516-01

### EX PARTE ADAN MARTINEZ, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. L-14-0154-HC-1 IN THE 156TH DISTRICT COURT
### FROM LIVE OAK COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with possession with intent to deliver a controlled substance, but apparently pleaded guilty to simple possession of a controlled substance in exchange for fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel advised him to plead "guilty" to a defective indictment and "true" to an

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

enhancement allegation in exchange for an unauthorized sentence.

The indictment returned by the grand jury appears to charge possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams (a first degree felony), with a single prior felony conviction for punishment enhancement purposes.[2] The plea admonishments contain contradictory and inaccurate information as to the exact charge to which Applicant was facing and the punishment range applicable to that charge. The stipulation of evidence and the plea agreement both indicate that the State waived the "intent to deliver" aspect of the charge, and that Applicant pleaded guilty to possessing four grams or more but less than 200 grams of methamphetamine, which would be a second degree felony. The plea agreement reflects that Applicant was to plead "true" to the single felony enhancement, making the applicable punishment range that of a first degree felony, or five to 99 years' or life imprisonment. The agreed sentence of 15 years' imprisonment is within that punishment range.

The judgment indicates that Applicant pleaded guilty to possession of less than one gram of a controlled substance in Penalty Group 1, but cites the statute section defining possession with intent to deliver less than one gram of a controlled substance in Penalty Group 1. The judgment indicates that the State waived the "intent to deliver" portion of the charge, but shows the incorrect quantity of the controlled substance and the incorrect statutory section. In addition, the judgment shows no plea to or finding as to any enhancement.

---

[2]Although the heading of the indictment indicates that the offense is possession with intent to deliver less than one gram of a controlled substance, a second degree felony with an enhancement, it has been held that the formal heading "forms no part of the indictment." *Long v. State*, 1 Tex. Ct. App. 466 (Tex. Crim. App. 1876). Erroneous information in the heading does not render the indictment defective.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Trial counsel shall state what specific offense Applicant was charged with, and what punishment range she advised Applicant he would be facing as a result of that charge. Trial counsel shall describe any and all plea offers made by the State, whether and when she conveyed any such offer(s) to Applicant, and what advice, if any she gave to Applicant with regard to whether he should accept any such offer(s). Trial counsel shall state whether or not Applicant was admonished as to the correct offense and correct punishment range when he entered his plea of guilty. Trial counsel shall state whether she received a copy of the written judgment, and if so, whether she noted the errors on that judgment. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with a transcript of the plea proceedings in this case, including the oral admonishments and stipulations, and any discussion of the terms of the plea agreement. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. If the trial court determines that the written judgment does not accurately reflect the terms of the plea and the eventual resolution of the charges, the trial

court shall enter a judgment *nunc pro tunc* correcting any such inaccuracies, shall supplement the habeas record with a copy of such judgment *nunc pro tunc,* and shall forward a copy of such judgment *nunc pro tunc* to the Texas Department of Criminal Justice. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish